IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL SMITH,

       Plaintiff,                     No. CIV S-06-2066 GEB DAD P

     vs.

C/O GORDON, et al.,

       Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis under 28 U.S.C. § 1915. The action was initially filed in the Fresno Division of this court on August 7, 2006, and was transferred to the Sacramento Division on September 18, 2006.

        The defendants are employees of the California Department of Corrections and Rehabilitation. Plaintiff is informed that the district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A. The court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in

1

which the plaintiff seeks to proceed in forma pauperis, if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief).

Here, plaintiff is confined in Pleasant Valley State Prison (PVSP) in Coalinga. The defendants are employed at High Desert State Prison (HDSP), where plaintiff was previously confined.  Plaintiff claims that the defendants failed to transfer his personal property with him on January 31, 2006, and that, as of July 11, 2006, the date of his complaint, he had not received his property.

Plaintiff alleges that there is an inmate appeal process available, that he filed an appeal concerning all of the facts contained in his complaint, and that the process was completed. Plaintiff explains as follows:

> On 3/29/06 receive Appeal Notice No # PVSP-C-06-00941 assigned to first level response.  On 5/22/06 received an [sic] CDC memorandum authored by Associate Warden (A) P. Cochrane, Central Operations at (H.D.S.P.) first level response, appeal decision:  appeal granted on 5/22/06.

(Compl. at 2.)

Plaintiff has attached a copy of an appeal submitted on March 9, 2006, and assigned log # HDSP-C-06-00933.  In this appeal, plaintiff inquired about a previous appeal submitted February 7, 2006, and requested that the previous appeal be advanced because he needed his property, particularly his legal property.  In an informal response dated March 16, 2006, a correctional officer at PVSP denied the March 9, 2006 appeal, stating "you have no property in R&R at PVSP."  Plaintiff sought review at the first formal level on March 23, 2006, stating that he knew he had no property in R&R at PVSP and his appeal concerned property at High Desert.  The appeal was forwarded to High Desert State Prison, where it was stamped received on April 25, 2006.  In a first level response dated May 22, 2006, Associate Warden Cochrane granted plaintiff's appeal on the grounds that an investigation had been conducted, plaintiff's missing property had been located, the property was sent to PVSP on May 11, 2006, and the property should be issued to plaintiff as soon as possible.  The first-level response

concluded with the advice that plaintiff could appeal to the second level if dissatisfied. Plaintiff submitted his appeal to the second level on June 30, 2006, stating that the documents attached to the first-level decision related to an earlier transfer and that the May 22, 2006 decision is "a fabricated memorandum." (Compl., Attachs.) Plaintiff's civil rights complaint is dated July 11, 2006, only eleven days after plaintiff submitted his appeal to the second level.

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

In the present case, plaintiff alleges exhaustion of administrative remedies at HDSP but provides exhibits demonstrating that he submitted his appeal to the second formal level at HDSP eleven days prior to the date of his civil rights complaint. Plaintiff's exhibits

contradict his allegation of exhaustion and comprise a concession to nonexhaustion. Plaintiff's application to proceed in forma pauperis should be denied, and this case should be dismissed without prejudice to the filing of a new civil rights action after the grievance process has been completed.[1] If plaintiff exhausted his appeal after he filed this action, he must file a new action. See McKinney, 311 F.3d at 1200-01 (holding that it would undermine attainment of congressional objectives to permit a prisoner to exhaust administrative remedies while proceeding with a federal suit).

In accordance with the above, IT IS RECOMMENDED that:

1. Plaintiff's August 7, 2006 application to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice for failure to exhaust available administrative remedies before bringing the action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
smit2066.efr

---

[1] A new action brought after exhaustion is complete should not bear the case number assigned to this action.

4